## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHELLE EPPERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOKF, NA, )<br>)<br>Defendant. ) | Case No. 23-CV-00552-CDL |

**OPINION AND ORDER**

**I.     Pending Motions Relating to Defendant's Answer**

The plaintiff, Michelle Epperson, asserts claims against her former employer, BOKF, NA (BOKF), for alleged disability discrimination, failure to accommodate, hostile work environment, and retaliatory termination. (Doc. 2). In its Answer to the Complaint, BOKF listed 41 defenses. (Doc. 11). Ms. Epperson filed a Motion to Strike (Doc. 15) four of those defenses:

> "Plaintiff(s) failed to exhaust administrative remedies for some or all of Plaintiff's(s') claims." (Doc. 11 at 8, ¶ 5).
>
> "Plaintiff failed to exhaust remedies or some or all of Plaintiff's claims." (*Id.* at ¶ 6 (first sentence)).
>
> "Plaintiff is estopped. . . ." (*Id.* at ¶ 11 (part of third sentence)).
>
> "Some or all of Plaintiff's claims are barred by the doctrine of unclean hands and/or after-acquired evidence. Plaintiff is estopped from asserting some or all of Plaintiff's claims." (*Id.* at 11, ¶ 35 (second sentence)).

(Doc. 15 at 2). BOKF filed a response (Doc. 20), and Epperson filed a reply (Doc. 24).

BOKF has moved for leave to file an amended answer (Doc. 19), which Ms. Epperson opposes (Doc. 25), and BOKF filed a reply brief (Doc. 26). In its proposed First Amended Answer to Complaint (Doc. 19-1), BOKF has added allegations it asserts are supportive of certain of its stated defenses and denials. The proposed amended answer does not include revisions to the exhaustion defenses listed at paragraphs 5 and 6 of BOKF's original Answer but does include additional factual allegations in paragraphs 11 and 35, which are allegedly supportive of BOKF's estoppel, unclean hands, and after-acquired evidence defenses. (*See* Doc. 19-1).

II.   **Discussion**

  A.   **BOKF's Motion to Amend**

After reading all of the parties' briefs on both motions, the Court determines that BOKF's motion (Doc. 19) to amend its Answer should be **granted**. Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)) (determining the district court did not err in permitting a late amendment to add a statute of limitations defense); *see Atiya v. Salt Lake Cnty*, 988 F.2d 1013, 1018 (10th Cir. 1993) (trial court properly granted leave to amend an answer to add two defenses on which defendant filed a motion for summary judgment).

This suit was initiated on December 20, 2023, and BOKF's initial Answer was filed on January 23, 2024. The motion to strike affirmative defenses was filed February 13, 2024, and BOKF's motion to amend was filed March 5, 2024. The Court has not yet entered a Scheduling Order, and the suit has been pending for less than four months. As a result, it does not appear that there has been any undue delay, or that there is any bad faith or dilatory motive underlying BOKF's request, or that Ms. Epperson will be prejudice by the proposed amendment. While Ms. Epperson argues that amendment would be futile (*see* Doc. 25), at this early stage of the litigation and without more information, the Court has no basis to find the proposed amendment legally futile. BOKF will accordingly be permitted to file an amended answer.

### B.   Plaintiff's Motion to Strike Affirmative Defenses

Pursuant to Fed. R. Civ. P. 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either on its own or on motion of a party made within 21 days after being served with the pleading. Ms. Epperson's motion to strike was filed within 21 days after the filing of BOKF's answer and is thus timely.

Motions to strike affirmative defenses under Rule 12(f) are generally disfavored and are infrequently granted. *See Bruna v. Gates*, No. 20-CV-00628-GKF-CDL, 2021 WL 6048913 (N.D. Okla. Mar. 30, 2021) (unpublished). A defendant must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b). However, a "blanket assertion" of a defense, without context in relation to the plaintiff's particular claims, may be prejudicial to a plaintiff inasmuch as it would require a plaintiff to "expend

time and effort to determine the potential applicability" of the defense. *Bruna*, 2021 WL 6048913 at *3 (striking, without prejudice, a blanket unsupported statement of an affirmative defense).

BOKF's proposed amended answer includes factual allegations in support of its asserted estoppel, unclean hands, and after-acquired evidence defenses. Whether those factual allegations are accurate or not, and whether such defenses would survive summary judgment if challenged, need not be decided at this early stage of the case. The proposed amendment provides sufficient information to satisfy notice pleading of those defenses. As a result, the motion to strike the defenses related to BOKF's referenced defenses at ¶¶ 11 and 35 of Doc. 11 is **denied**.

BOKF's proposed amended answer does not include factual changes to bolster its exhaustion defense as set forth in paragraph 5 or the first sentence of paragraph 6. (*See* Doc. 19-1). While BOKF indicates that its defenses are clear and suggests that the exhaustion statements relate to BOKF's assertion that Ms. Epperson's claims "are limited to the scope of [her] EEOC charge," it does not appear that BOKF is claiming that the plaintiff has so far asserted any claim that is unexhausted, and BOKF has not identified which claims in particular, if any, it claims Ms. Epperson failed to exhaust. Accordingly, the motion to strike the following statements is **granted**, and the following defenses are stricken, without prejudice, at this time:

> "Plaintiff(s) failed to exhaust administrative remedies for some or all of Plaintiff's(s') claims." (Doc. 11 at 8, ¶ 5).
>
> "Plaintiff failed to exhaust remedies or some or all of Plaintiff's claims." (*Id.* at ¶ 6 (first sentence)).

4

In the event that BOKF wishes to provide more detailed information regarding any exhaustion defense it has at this time, it may do so in its amended answer. In accord with Rule 8(b), any such reassertion of the exhaustion defense should include a short and plain statement of the defense in a manner sufficient for the plaintiff and Court to assess which claim(s) BOKF contends are subject to the exhaustion defense and on what basis.

### III. Conclusion

For the foregoing reasons, BOKF's motion (Doc. 19) to file its amended answer is **granted**, and Ms. Epperson's motion to strike (Doc. 15) is **granted in part and denied in part**, as set forth above. In addition to the redlined changes outlined in BOKF's proposed amended answer (Doc. 19-1), BOKF may reassert its exhaustion defense, if any, in a more detailed manner in its amended answer. The amended answer shall be filed within **14 days** of this Opinion and Order.

IT IS SO ORDERED this 16th day of April, 2024.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge